NACHAMIE SPIZZ COHEN & SERCHUK, P.C.
Proposed Counsel to **JEM Carting Group Corp.** and
**JEM Sanitation Corp.**
Debtors and Debtors-in-Possession
425 Park Avenue
New York, NY 10022
(212) 754-9400
Alex Spizz, Esq.
Arthur Goldstein, Esq.
Jill Makower, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT NEW YORK
---------------------------------------------x
In re:                                                              Chapter 11

JEM CARTING GROUP CORP.,                          Case No. 13-11935 (BRL)

            Debtor.
---------------------------------------------x
In re:                                                              Chapter 11

JEM SANITATION CORP.,                                Case No. 13-11936 (BRL)

            Debtor.
---------------------------------------------x

**DEBTORS' MOTION PURSUANT TO RULE 1015(b) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR ORDER DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES**

TO:   **THE HONORABLE BURTON R. LIFLAND
      UNITED STATES BANKRUPTCY JUDGE**

JEM Carting Group Corp. ("JEM Carting") and JEM Sanitation Corp. ("JEM Sanitation"), the above-captioned Chapter 11 debtors and debtors-in-possession (collectively, the "Debtors"), by and through their proposed counsel, Nachamie Spizz

Cohen & Serchuk, P.C., submit this motion (the "Motion") for the entry of an order pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing and directing the joint administration, for procedural purposes only, of the above-captioned Chapter 11 cases. In support of the Motion, the Debtors respectfully represent the following:

## BACKGROUND

1. On June 12, 2013 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in this Court, and an order for relief under section 301 of the Bankruptcy Code was entered in their cases (the "Chapter 11 Cases").

2. The Debtors have been authorized to remain in possession of their property and to continue in the operation and management of their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3. No official committee of unsecured creditors has yet been appointed by the Office of the United States Trustee (the "U.S. Trustee") in the Chapter 11 Cases.

4. JEM Carting is a corporation organized and existing pursuant to the laws of the State of New York. JEM Carting, which is a non-operating entity, is the parent of two (2) wholly owned subsidiaries. Those subsidiaries are JEM Sanitation, one of the Debtors herein, and Crown Waste Paper Corp. ("Crown Waste") (a non-debtor in these chapter 11 proceedings).

5. JEM Carting is owned equally by the following six (6) shareholders: Kenneth J. Santo, Gregg Santo, Paul Virzi, David Virzi, Mark Tamily and Dana Tamily.

6.  JEM Carting, JEM Sanitation and Crown Waste file consolidated tax returns with the Federal and State governments.

7.  JEM Sanitation, the principal operating entity, is in the commercial solid waste collection and disposal business. All of its business is conducted within the city of New York, primarily in the borough of Manhattan. JEM Sanitation collects and disposes of non-hazardous solid waste and recyclable materials from its commercial customers. JEM Sanitation also offers a wide variety of recycling services to its customers for materials such as cardboard, paper, plastic, glass and metals. In addition, JEM Sanitation picks up and disposes of environmentally sensitive materials such as light bulbs, batteries, telephones, computers, monitors and other electronic equipment. JEM Sanitation maintains a fleet of trucks to perform the aforementioned services, and also maintains various types of waste containers at its customers' facilities.

8.  JEM Sanitation is a wholly-owned subsidiary of JEM Carting. Accordingly, the Debtors are "affiliates" as that term is defined in §101(2) of the Bankruptcy Code. See 11 U.S.C. §101(2)(B).[1]

---

[1] Bankruptcy Code section 101(2)(B) provides:

    (2) The term "affiliate" means—
****
    (B) corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor, other than an entity that holds such securities - -
      (i) in a fiduciary or agency capacity without sole discretionary power to vote such securities; or
      (ii) solely to secure a debt, if such entity has not in fact exercised such power to vote.

11 U.S.C. § 101(2)(B).

279504v2

3

9. Additional information about the Debtors' business and the events leading up to the Petition Date are contained in the Affidavit of Kenneth J. Santo pursuant to Local Bankruptcy Rule 1007-2 (the "Santo Affidavit") which was filed on the Petition Date and is incorporated herein by reference.

## JURISDICTION AND STATUTORY PREDICATES

10. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b). Venue of these cases and this Motion in this district is proper pursuant to 28 U.S.C. §§1408 and 1409. The statutory predicates for the relief sought herein are Section 105 of the Bankruptcy Code and Bankruptcy Rule 1015(b).

## RELIEF REQUESTED

11. By this Motion, the Debtors, which are affiliates as that term is defined in §101(2)(B) of the Bankruptcy Code, request that the annexed order be entered providing for the joint administration of these Chapter 11 Cases in accordance with Bankruptcy Rule 1015(b). Rule 1015(b) authorizes the entry of an order for the joint administration of the estates of affiliates. Rule 1015(b) provides, in relevant part:

> If a joint petition or two or more petitions are pending in the same court by or against. . . a debtor and an affiliate, the court may order a joint administration of the estates.. . . .

F.R.Bankr.P. 1015(b).

12. The Debtors submit that joint administration of their cases will obviate the need for duplicative notices, motions, applications and orders, and thereby save considerable time and expense for the Debtors and their estates.

13. The rights of the respective creditors of the Debtors will not be adversely affected by the proposed joint administration because the Debtors will continue as separate and distinct legal entities and separate books and records will continue to be maintained for each. Moreover, each creditor may still file its claim against a particular estate. In fact, the rights of all creditors will be enhanced by the reduction in costs resulting from the joint administration. The Court also will be relieved of the burden of entering duplicative orders and maintaining redundant files. Finally, supervision of the administrative aspects of these Chapter 11 Cases by the Office of the United States Trustee will be simplified.

14. By reason of the foregoing, the Debtors submit that the interests of the Debtors, their estates, and all parties in interest would best be served by joint administration of the above-captioned cases.

15. The Debtors request that one file and one docket be maintained for all of the jointly administered cases under JEM Sanitation Corp. In addition, the Debtors propose that all pleadings relating to the Debtors' cases contain the following joint caption:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------- x
In re:                                   :    Chapter 11

**JEM SANITATION CORP., et al.,**        :    Case No: 13-11936 (BRL)
                                              (Jointly Administered)
            Debtors.                     :
---------------------------------------- x

16. The Debtors also seek the Court's direction that a notation substantially similar to the following notation be entered on the docket of each of the Debtors' Chapter 11 Cases to reflect the joint administration of these cases:

> "An Order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of JEM Carting Group Corp. and JEM Sanitation Corp. The docket in the chapter 11 case of JEM Sanitation Corp., case no. 13-11936 (BRL) should be consulted for all matters affecting this case."

17. Finally, the Debtors seek authority to file the monthly operating reports required by the Operating Guidelines and Financial Reporting Requirements (together, the "Guidelines) promulgated by the Office of the United States Trustee for the Southern District of New York on a consolidated basis since JEM Carting does not have any operations. The Debtors submit that this would further administrative economy and efficiency without prejudice to any party in interest and that the reports would accurately reflect the Debtors' consolidated business operations and financial affairs.

18. The Debtors submit that the relevant legal authorities are set forth herein and, accordingly, the requirement contained in Rule 9013-1(a) of the Local Bankruptcy Rules for the Southern District of New York is satisfied.

## NOTICE AND NO PRIOR APPLICATION

19. No trustee, examiner, or creditors' committee has been appointed in these Chapter 11 Cases. Notice of this Motion has been given to the Office of the United States Trustee. Due to of the administrative nature of the relief requested herein, the Debtors submit that no other notice need be given.

20. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

**WHEREFORE**, the Debtors respectfully request the Court grant the Debtors' Motion directing joint administration of these Chapter 11 Cases for procedural purposes only and that the Court enter the order annexed hereto as **Exhibit "A"** and grant such other and further relief as is just and proper.

Dated: New York, New York
       June 12, 2013

        NACHAMIE SPIZZ COHEN & SERCHUK, P.C.
        Proposed Counsel to **JEM Carting Group Corp.**
        and **JEM Sanitation Corp.**
        Debtors and Debtors-In-Possession

By:   s/ Arthur Goldstein
      Alex Spizz, Esq.
      Arthur Goldstein, Esq.
      Jill L. Makower, Esq.
425 Park Avenue
New York, New York 10022
(212) 754-9400

**EXHIBIT "A"**

NACHAMIE SPIZZ COHEN & SERCHUK, P.C.
Proposed Counsel to **JEM Carting Group Corp.** and
**JEM Sanitation Corp.**
Debtors and Debtors-in-Possession
425 Park Avenue
New York, NY 10022
(212) 754-9400
Alex Spizz, Esq.
Arthur Goldstein, Esq.
Jill Makower, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT NEW YORK
-----------------------------------------x
In re:                                                          Chapter 11

JEM CARTING GROUP CORP.,                        Case No. 13-11935 (BRL)

            Debtor.
-----------------------------------------x
In re:                                                          Chapter 11

JEM SANITATION CORP.,                              Case No. 13-11936 (BRL)

            Debtor.
-----------------------------------------x

## ORDER DIRECTING JOINT ADMINISTRATION OF CASES

Upon the motion (the "Motion") of JEM Carting Group Corp. ("JEM Carting") and JEM Sanitation Corp. ("JEM Sanitation"), the above-captioned Chapter 11 debtors and debtors-in-possession (together, the "Debtors"), by and through their proposed counsel, Nachamie Spizz Cohen & Serchuk, P.C., seeking the issuance and entry of an order pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing and directing the joint administration of the Debtors' Chapter 11 cases for procedural purposes only, as more fully set forth in the Motion; and upon consideration of the Affidavit of Kenneth J. Santo pursuant to SDNY Local Bankruptcy Rule 1007-2; and it appearing that the Court has jurisdiction to consider the Motion and the relief requested

therein in accordance with 28 U.S.C. §§157 and 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.); and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their creditors and their estates; and due notice of the Motion having been given to the Office of the United States Trustee; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED**, that the Motion is hereby granted; and it is further

**ORDERED**, that the above-captioned Chapter 11 cases are hereby consolidated for procedural purposes only and shall be administered jointly under Case No. 13-11936 (BRL) in accordance with Bankruptcy Rule 1015(b); and it is further

**ORDERED**, that nothing contained in this Order shall be deemed or construed as directing or otherwise affecting the substantive consolidation of the above-captioned cases; and it is further

**ORDERED**, that the caption of the jointly administered cases shall read as follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| **JEM SANITATION CORP., et al.,** | **Case No. 13-11936 (BRL)** <br> **(Jointly Administered)** |
| Debtors. |  |

; and it is further

**ORDERED**, that an entry shall be made on the docket of each of the above-captioned cases substantially as follows:

> "An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of JEM Carting Group Corp. and JEM Sanitation Corp. The docket in the chapter 11 case of JEM Sanitation Corp., Case No. 13-11936 (BRL) should be

279505v1

2

consulted for all matters affecting this case."

; and it is further

**ORDERED**, that the Debtors shall be permitted to file their monthly operating reports required by the Guidelines on a consolidated basis, provided, however, that disbursements are reported by each of the Debtors separately; and it is further

**ORDERED**, that the Debtors shall be permitted, for purposes of the list of 20 largest unsecured creditors (excluding insiders) required to be filed pursuant to Bankruptcy Rule 1007(d), to file a list of the largest 20 unsecured creditors on a consolidated basis and to use that list for noticing purposes where service must be made upon the creditors on the list filed pursuant to Bankruptcy Rule 1007(d); and it is further

**ORDERED**, that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

**ORDERED**, that the requirement of Local Bankruptcy Rule 9013-1(a) that a motion must specify the rules and statutory provisions upon which it is predicated and the legal authorities that support the requested relief either in the motion or in a separate memorandum of law, is satisfied.

Dated: New York, New York
      June \_\_\_\_\_, 2013

                                                          UNITED STATES BANKRUPTCY JUDGE

NO OBJECTION:

OFFICE OF THE UNITED STATES TRUSTEE

By: _____

Dated: June \_\_\_\_, 2013

279505v1                                                                                         3